NOT DESIGNATED FOR PUBLICATION

No. 122,417

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAKOTA CALLINGLAST MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed October 30, 2020.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and
(h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM:  After pleading guilty to possession of marijuana with a prior
conviction, Dakota Callinglast Miller was sentenced to 11 months in prison but granted a
12-month probation. Subsequently, Miller violated his probation on several occasions for
which he received short jail sanctions and extensions of his probation.

This appeal relates to Miller's latest violations which resulted in the revocation of
his probation on November 22, 2019. On that occasion, Miller stipulated to committing
new crimes, using drugs, not reporting to his probation officer, and not reporting a
change of employment. As a result of these violations, the district court revoked Miller's

1

probation and ordered him to serve his prison sentence. Miller appeals. We accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47).

On appeal, Miller does not dispute that he violated the terms of his probation. Instead, his sole contention is that the district court erred in revoking his probation and ordering him to serve his underlying sentence. But once a violation has been established, the decision to revoke probation is within the district court's discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). And unless the district court's decision results from legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Miller does not favor us with a reason he believes the district court's decision was an abuse of discretion. Upon our review, we find the district court's decision was legally appropriate. Under the statute governing probation revocations, the district court was permitted to bypass intermediate sanctions and impose Miller's prison sentence because he committed a new crime while on probation. K.S.A. 2019 Supp. 22-3716(c)(7)(C). Since we conclude there was no legal or factual error in the district court's revocation of probation, we next consider whether the decision was unreasonable.

Upon our review of the record on appeal, we find nothing unreasonable about the district court's decision. Miller violated his probation on several prior occasions, yet the district court afforded him additional opportunities to succeed on probation, to no avail. Under these circumstances, a reasonable person could agree that imposing Miller's prison sentence was appropriate. We find the district court did not abuse its discretion in revoking Miller's probation and imposing his prison sentence.

Affirmed.

2